UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| THE COLORADO TABLE CLOTH | ) | Case No. 13-15772 TBM |
| COMPANY, INC. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S COMBINED MOTION TO APPROVE STIPULATION WITH INTERNAL REVENUE SERVICE AND COLORADO DEPARTMENT OF REVENUE REGARDING SALE OF PROPERTY, PRIORITY OF LIENS AND DISTRIBUTION OF PROCEEDS; SELL PROPERTY OF THE ESTATE AT AUCTION FREE AND CLEAR OF LIENS; EMPLOY DICKENSHEET & ASSOCIATES, INC. AS AUCTIONEER; AND COMPENSATE AUCTIONEER FOLLOWING SALE**

Daniel A. Hepner, Trustee herein, submits the following Combined Motion to Approve Stipulation with Internal Revenue Service and Colorado Department of Revenue Regarding Sale of Property, Priority of Liens and Distribution of Proceeds, Sell Property of the Estate at Auction Free and Clear of Liens; Employ Dickensheet & Associates, Inc. as Auctioneer; and Compensate Auctioneer Following Sale. In support hereof, Trustee states as follows:

**BACKGROUND**

1. Colorado Table Cloth Company, Inc. ("Debtor") filed a Chapter 7 bankruptcy case on April 10, 2013. Daniel A. Hepner is the duly appointed Chapter 7 Trustee.

2. The Debtor was in the business of renting out tablecloths, napkins, chair covers and other linens (the "Linens") for events such as weddings and parties.

3. The assets of the Debtor are subject to pre-petition tax liens held by the Colorado Department of Revenue ("CDOR") and Internal Revenue Service ("IRS"). In addition, Flexx Productions, LLC ("Flexx") had a pre-petition Article 9 security interest in the Linens which is junior to the liens of the CDOR and IRS.

4. The IRS has filed a Proof of Claim (denominated by the Court as Claim No. 6) in the amount of $65,976.60. Of this amount, $55,177.60 was filed as a secured claim based on Notices of Federal Tax Liens which were filed pre-petition, $74.81 was filed as a priority claim, and $10,724.19 was filed as a general unsecured claim.

5. The CDOR has filed a Proof of Claim (denominated by the Court as Claim No. 1) in the amount of $4,171.66 as a secured claim for unpaid withholding taxes. The basis for the secured

claim of the CDOR is C.R.S. §39-22-604 which provides for a statutory lien on the assets of the Debtor to secure payment of the unpaid taxes.

6. Flexx has filed a Proof of Claim (denominated by the Court as Claim No. 4) in the amount of $34,271.41 as a secured claim for amounts owed on a Promissory Note by the Debtor. The basis for the secured claim is an Article 9 security interest evidenced by a UCC-1 filed on September 28, 2012. The Linens owned by the Debtor are the collateral for the claim. In its Proof of Claim, Flexx states that the value of the Linens is $50,000.00.

7. Prior to the bankruptcy filing, Flexx exercised self help and seized a portion of the Linens owned by the Debtor in an effort to enforce its security interest.

8. The portion of the Linens seized by Flexx were subject to the senior liens held by the CDOR and IRS. The liens of the CDOR and IRS exceed the value of all the Linens owned by the Debtor. Subsequent to the filing of the Debtor's bankruptcy case, the Trustee conferred with representatives of the CDOR and IRS regarding the Linens. The parties agreed that the Trustee was best situated to liquidate the Linens. The Trustee then arranged for Flexx to turnover those Linens it had seized to the Trustee with the understanding that they would be sold and the proceeds distributed in accordance with the priority of the liens on the Linens.

9. John Schreck, a principal of the Debtor, agreed to launder the Linens and prepare them for sale. The Linens have been laundered and prepared for sale and have now been moved to Dickensheet & Associates, Inc.

10. The Trustee has investigated the priority of the liens of the CDOR, IRS and Flexx in the Linens. Based on the Trustee's investigation, the Trustee has determined that the Linens are subject to the following liens in the following priorities:

| Creditor | Basis for Lien | Date Recorded | Amount |
|---|---|---|---|
| Colorado Department of Revenue | Lien for unpaid withholding taxes pursuant to C.R.S. § 39-22-604. | Statutory Lien | $612.66 [Assessed 8/1/2007] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | January 12, 2009 Reception No. 20092003122 | $3,920.72 [Assessed 9/24/2007] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | January 12, 2009 Reception No. 20092003122 | $14,464.93 [Assessed 6/23/2008] |

| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | January 12, 2009 Reception No. 20092003122 | $4,237.14 [Assessed 8/4/2008] |
|---|---|---|---|
| Internal Revenue Service | Notice of Federal Tax Lien [MISC PEN] | January 12, 2009 Reception No. 20092003122 | $3,530.82 [Assessed 9/8/2008] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | April 12, 2010 Reception No. 20102029705 | $3,263.18 [Assessed 12/29/1008] |
| Internal Revenue Service | Notice of Federal Tax Lien [FUTA] | April 12, 2010 Reception No. 20102029705 | $309.62 [Assessed 1/5/2009] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | April 12, 2010 Reception No. 20102029705 | $10,048.49 [Assessed 1/5/2009] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | April 12, 2010 Reception No. 20102029705 | $8,037.24 [Assessed 1/5/2009] |
| Colorado Department of Revenue | Lien for unpaid withholding taxes pursuant to C.R.S. § 39-22-604. | Statutory Lien | $3,559.00 [Assessed 3/27/2009] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | April 12, 2010 Reception No. 20102029705 | $4,310.03 [Assessed 9/14/2009] |
| Internal Revenue Service | Notice of Federal Tax Lien [WT-FICA] | April 12, 2010 Reception No. 20102029705 | $2,641.27 [Assessed 11/30/09] |
| Internal Revenue Service | Notice of Federal Tax Lien [FUTA] | April 12, 2010 Reception No. 20102029705 | $413.71 [Assessed 2/01/2010] |
| Flexx Productions, LLC | UCC-1 Financing Statement | September 28, 2012 Reception No. 20122055022 | $34,271.41 based on Proof of Claim. |

**STIPULATION BETWEEN THE TRUSTEE, INTERNAL REVENUE SERVICE AND COLORADO DEPARTMENT OF REVENUE REGARDING SALE OF PROPERTY; PRIORITY OF LIENS AND DISTRIBUTION OF PROCEEDS**

11. The Trustee, CDOR and IRS have entered into a Stipulation Regarding Sale of Property and Priority of Liens of the Internal Revenue Service and the Colorado Department of Revenue on Proceeds after Deduction of Costs of Sale and Chapter 7 Administrative Costs ("Stipulation"), a copy of which is attached hereto as Exhibit "A".

12. The Stipulation provides that the Trustee shall sell the Linens at public auction through Dickensheet and Associates, Inc. free and clear of the liens of the CDOR and IRS. The CDOR and IRS further agree that the Trustee shall be entitled to deduct the following from the gross proceeds of sale: The cost of retrieving the Linens from the possession of Flexx Productions, LLC; the costs of sale incurred by Dickensheet and Associates in preparing the Linens for sale, including but not limited to, transportation costs and advertising; and auctioneer fees charged by Dickensheet and Associates, Inc. In addition, the Trustee shall be entitled to deduct from the gross proceeds, all Chapter 7 administrative costs incurred by the bankruptcy estate in liquidating the Linens, including, but not limited to, accountant fees and costs and Trustee's fees and costs. The remaining proceeds (the "Net Proceeds") shall be distributed to the CDOR and IRS in accordance with the priority of their respective liens as set forth in paragraph 10 above. To the extent any Net Proceeds remain after the liens of the CDOR and IRS have been paid in full, they shall be distributed to Flexx.

13. Federal Rule of Bankruptcy Procedure 9019(a) provides that on motion and after notice and a hearing, the Court may approve a compromise or settlement. In evaluating a settlement, the Court must determine whether the settlement is fair and equitable, reasonable, and in the best interest of the estate. In re Kaiser Steel Corp., 105 B.R. 971, 976-978 (D. Colo. 1989).

14. The Trustee believes that the Stipulation is in the best interests of the bankruptcy estate. The Stipulation provides for distributions to be made to the CDOR and IRS, and compensates the estate for the administrative costs incurred in connection with the liquidation of the Linens. Absent the decision of the CDOR and IRS to have the Trustee liquidate the Linens, and in view of the pre-petition seizure of the Linens by Flexx, it is unlikely that the IRS and CDOR would receive any significant payment on their claims without incurring significant costs which would likely be in excess of the costs incurred by the bankruptcy estate in selling the Linens.

15. By this Motion, the Trustee requests that the Court approve the Stipulation Regarding Sale of Property and Priority of Liens of the Internal Revenue Service and the Colorado Department of Revenue on Proceeds after Deduction of Costs of Sale and Chapter 7 Administrative Costs.

**REQUEST TO SELL PROPERTY FREE AND CLEAR OF LIENS**

16. 11 U.S.C. §363(b) provides that the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

17. The Trustee seeks to sell the Linens owned by the Debtor at an online public auction free and clear of liens. To the best of the Trustee's information and belief, the following entities claim or may claim a lien or interest in the Linens to be sold by the Trustee: The Colorado Department of Revenue; the Internal Revenue Service; and Flexx.

18. 11 U.S.C. §363(f) provides, in part, that the Trustee may sell property of the estate free and clear of any interest in such property of an entity other than the estate if such entity consents, such interest is in bona fide dispute, or such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

4

19. The CDOR and IRS have consented to the sale as evidenced by the Stipulation Regarding Sale of Property and Priority of Liens of the Internal Revenue Service and the Colorado Department of Revenue on Proceeds after Deduction of Costs of Sale and Chapter 7 Administrative Costs. Accordingly, the Trustee may sell the Linens free and clear of the liens of the CDOR and IRS pursuant to 11 U.S.C. §363(f)(2).

20. The interest of Flexx is an Article 9 security interest in personal property, that outside of bankruptcy, could be foreclosed under state law. If Flexx were to proceed with a sale of the collateral under state law, Flexx could be compelled to accept less than payment in full of the debt and, to the extent the proceeds of the sale of the collateral were insufficient to pay the debt in full, Flexx would be entitled to an unsecured deficiency. Thus, Flexx could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. *In re WK Lang Holdings, LLC,* No. 13-11934, 2013 WL 6579172, *8 (Bankr. D. Kan. Dec. 11, 2013) ( secured creditor with Article 9 security interest could be compelled to accept a money satisfaction in action to sell collateral under state law). Accordingly, the Trustee may sell the Linens free and clear of the lien of Flexx pursuant to 11 U.S.C. §363(f)(5).

21. By this Motion, the Trustee requests that the Court enter an order authorizing the Trustee to sell the Linens free and clear of liens, with any liens to attach to the proceeds subject to the terms and conditions of the Stipulation Regarding Sale of Property and Priority of Liens of the Internal Revenue Service and the Colorado Department of Revenue on Proceeds after Deduction of Costs of Sale and Chapter 7 Administrative Costs.

22. As set forth below, Dickensheet & Associates, Inc. has scheduled an online auction for 2:00 p.m. September 27, 2017. In order to enable Dickensheet to conduct the online auction on September 27, 2017, the Trustee also requests that the Court suspend the operation of Federal Rule of Bankruptcy Procedure 6004(h), which automatically stays for fourteen days an order authorizing the use, sale or lease of property other than cash collateral.

### REQUEST TO EMPLOY DICKENSHEET & ASSOCIATES AS AUCTIONEER TO CONDUCT PUBLIC AUCTION AND TO COMPENSATE AUCTIONEER FOLLOWING SALE

23. Trustee seeks to employ Dickensheet & Associates, Inc. pursuant to 11 U.S.C. §327(a), to conduct an online auction of the Linens on September 27, 2017 at 2:00 p.m., or, if an Order authorizing the sale of the Linens has not entered in time for the September 27, 2017 online auction, at an online auction scheduled after entry of an Order authorizing the sale of the Linens. Dickensheet & Associates, Inc. is an experienced auctioneer in the Denver metropolitan area. Subject to the supervision and further Order of this Court, Dickensheet & Associates, Inc. will perform the following services:

(a) secure and store the Linens prior to sale;
(b) prepare the Linens for sale;
(c) advertise the Linens for sale and advertise the date, time and place of the online auction;
(d) conduct the online auction;

5

   (e) collect and remit all proceeds of sale;
   (f) account for and pay all sales taxes due as a result of such sale; and
   (g) prepare a report after sale showing the name of the purchaser(s) and the amounts for which the Linens were sold.

 24. Trustee intends to pay Dickensheet & Associates, Inc. a 15% commission of the total amount of the gross sales price received from the sale of the Linens. Trustee also intends to reimburse Dickensheet & Associates, Inc. for the actual and necessary costs to secure, store, and market the Linens.

 25. The rates to be charged to the estate by Dickensheet & Associates, Inc. are customary and standard rates charged by auctioneers in the Denver metropolitan area. Dickensheet & Associates, Inc. will not receive compensation and reimbursement of expenses from the estate except in accordance with the Bankruptcy Code and Rules, and will abide by all fee procedures ordered by this Court.

 26. Dickensheet & Associates, Inc. is licensed to provide auctioneering services in the State of Colorado.

 27. Dickensheet & Associates, Inc. has a blanket bond in the amount of One Hundred Thousand Dollars ($100,000.00). Bond No. 71340408 is a bond issued in favor of the U.S. Government. This Bond has been in force since October 31, 2012 and is paid up to the next renewal date of October 31, 2017 (the Bond renews continuously until cancelled by Principal).

 28. Dickensheet & Associates, Inc. has liability insurance in the amount of $2,000,000.00; it also has theft, fire and casualty insurance of $500,000.00. These policies are issued by EMC Insurance, Policy No. 4X52487. The insurance is in effect and is paid quarterly through the next renewal date of August 25, 2018.

 29. To the best of Trustee's knowledge, Dickensheet & Associates, Inc. is a disinterested person and does not hold or represent an interest adverse to Trustee or the estate. Dickensheet & Associates, Inc. does not have any connection with Trustee, the Debtor, creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that Dickensheet & Associates, Inc. has been employed by the Trustee in other unrelated bankruptcy cases.

 30. Attached hereto as Exhibit "B" is the Affidavit of Christine Dickensheet which states that Dickensheet & Associates, Inc. is a disinterested person under 11 U.S.C. §§101 and 327. The Affidavit also states that Dickensheet & Associates, Inc. is not a creditor, equity security holder or insider of the Debtor and does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Debtor or for any other reason. The Affidavit further states that Dickensheet & Associates, Inc. does not hold or represent an interest adverse to Trustee or the estate.

31. Trustee believes that there are sound business reasons for selling the Linens, and that the sale of the Linens by online auction to be conducted by Dickensheet & Associates, Inc. in the manner described above is in the best interest of the bankruptcy estate and creditors.

32. Trustee also seeks authority to pay, from the proceeds of the sale, costs of sale, including the auctioneer's commission to Dickensheet & Associates, Inc. Trustee requests authority to pay Dickensheet a 15% commission of the total amount of the sales price received from any sale of the Linens. Trustee also requests authority to reimburse Dickensheet & Associates, Inc. for all necessary costs and expenses incurred in the process of selling and securing the Linens.

33. Pursuant to General Procedure Order Number 2014-2, the Trustee certifies that there are no liquid assets in the estate to pay the Section 363(f) Fee. The Trustee requests that the order approving the Combined Motion provide for payment of the Section 363(f) Fee from the proceeds of sale.

WHEREFORE, Trustee respectfully requests that the Court enter an Order:

(a) Approving the Stipulation Regarding Sale of Property and Priority of Liens of the Internal Revenue Service and the Colorado Department of Revenue on Proceeds after Deduction of Costs of Sale and Chapter 7 Administrative Costs;

(b) Authorizing the Trustee to sell the Linens owned by the Debtor free and clear of liens, with any liens to attach to the proceeds subject to the provisions of the Stipulation Regarding Sale of Property and Priority of Liens of the Internal Revenue Service and the Colorado Department of Revenue on Proceeds after Deduction of Costs of Sale and Chapter 7 Administrative Costs;

(c) Authorizing the Trustee to employ Dickensheet and Associates, Inc. to conduct an online auction of the Linens in accordance with the terms set forth above, and to pay Dickensheet and Associates, Inc. a 15% commission plus the costs of sale directly out of the proceeds of sale without further order of the Court;

(d) Suspending the fourteen day stay of Federal Rule of Bankruptcy Procedure 6004(h);

(e) Directing payment of the Section 363(f) Fee from the proceeds of sale in accordance with General Procedure Order Number 2014-2; and

(e) Granting such other and further relief as the Court deems just and proper.

DATED this 25th day of August, 2017.

/s/ Daniel A. Hepner
Daniel A. Hepner, Trustee
950 Spruce Street, Suite 1C
Louisville, Colorado 80027
Phone: 303-444-5141
Telecopier: 303-444-9253
dhepner@epitrustee.com

7

## CERTIFICATE OF MAILING

I hereby certify that on this 25th day of August, 2017, a true and correct copy of the foregoing **TRUSTEE'S COMBINED MOTION TO APPROVE STIPULATION WITH INTERNAL REVENUE SERVICE AND COLORADO DEPARTMENT OF REVENUE REGARDING SALE OF PROPERTY, PRIORITY OF LIENS AND DISTRIBUTION OF PROCEEDS; SELL PROPERTY OF THE ESTATE AT AUCTION FREE AND CLEAR OF LIENS; EMPLOY DICKENSHEET & ASSOCIATES, INC. AS AUCTIONEER; AND COMPENSATE AUCTIONEER FOLLOWING SALE** was placed in the United States Mail, postage prepaid and correctly addressed to:

Office of the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO 80294

R. Clay Bartlett, Esq.
Coan, Payton & Payne, LLC
103 W. Mountain Avenue, Suite 200
Fort Collins, CO 80524

Elizabeth M. Froehlke, Esq.
Assistant United States Attorney
1801 California, Suite 1600
Denver, CO 80202

James B. Holden, Esq.
1300 Broadway, 8th Floor
Denver, CO 80203

Flexx Productions, LLC
c/o Coan Payton & Payne, LLC
103 W. Mountain Avenue, Suite 200
Fort Collins, CO 80524

The Colorado Table Cloth Company, Inc.
4007 South Valley Drive
Longmont, CO 80504

Ross J. Wabeke, Esq.
231 West 4th Street
Loveland, CO 80537

Dickensheet & Associates, Inc.
1501 W. Wesley Avenue
Denver, CO 80223

*/s/ Jessica L. DeGuiseppi*